DYNES v. ROBINSON *et al.*

</div>

1. ATTACHMENT: EVIDENCE. Deeds showing a conveyance of real estate are not admissible in evidence to sustain an allegation that an attachment defendant was about to *convey* his property out of the State with intent to hinder and delay his creditors.

<div align="center">

*Appeal from Page District Court.*

SATURDAY, OCTOBER 6.

</div>

*Harvey & Morlidge* for the appellants.

*Thos. M. Bowen* for the appellee.

BALDWIN, J.—*Suit on an attachment bond.* Robinson in

his petition for an attachment alleged as a cause therefor, that Dynes was conveying or about to convey his property out of the State with the intent of defrauding his creditors. Also that he was about to remove out of the State with the intention of remaining out of the same, and that he refused to pay or secure the claim of said petitioner.

Dynes in this proceeding claims that the attachment was wrongfully sued out and that he is entitled to recover therefor.

The defendants in their answer deny that the attachment was wrongfully sued out, and aver that the defendant, Robinson, had good reason to believe that the plaintiff was about to convey his property out of the State as set forth in the petition for an attachment.

In support of this defence the defendants introduced the records of said county, for the purpose of showing that Dynes and wife had conveyed away their real estate before and after the attachment had been issued. The court refused to allow the records of the deeds, executed after the attachment had been issued to be read to the jury. This ruling of the court is the first error complained of.

The court did not err in rejecting this evidence. There was no evidence offered prior to the introduction of this record, tending to show that the sales of real estate made by Dynes for which the deeds were given, the records of which were proposed to be introduced, were in any respect fraudulent, or that such sales were contemplated prior to the issuing of said attachment.

The averment in the answer is, that Dynes was about *to convey his property out of the State* with the intent to hinder and defraud his creditors. The word convey as thus used must refer to personal property. Where a party, under certain circumstances, is about to convey or remove his personal property out of the State, he is liable to have the same attached; and it must have been under this provision of the law that Robinson based his right for an attachment. The

record of a conveyance of real estate could not support the averment that Dynes was about to convey his property out of the State, and hence we conclude that it was properly excluded.

The second error assigned is, that the court refused to exclude the evidence of plaintiff's witness, Kyle. No objections were made to this evidence when offered, nor was there any motion made to exclude the same. For this reason we do not regard this assignment as well taken.

It is further claimed that the judgment should be reversed for the reason that it is excessive. If the attachment was willfully and wrongfully sued out the plaintiff had a right to recover exemplary damages. It was the province of the jury to determine under all the circumstances the amount the plaintiff was entitled to recover.

No such state of facts is disclosed by the record as will justify this court in interfering with the finding of the jury.

Judgment affirmed.